**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3551
_____

UNITED STATES OF AMERICA

v.

MICHAEL KWASNIK,

                   Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 1-17-cr-00052-001)
District Judge: Honorable Robert B. Kugler

Submitted under Third Circuit LAR 34.1(a)
on January 14, 2022

Before: AMBRO, BIBAS and ROTH, *Circuit Judges*
(Opinion filed December 8, 2022)

Jason M. Wandner
100 North Biscayne Boulevard
Suite 1607
Miami, FL 33132

Counsel for Appellant


Mark E. Coyne
Office of United States Attorney
970 Broad Street
Room 700
Newark, NJ 07102
Norman Gross
Office of United States Attorney
Camden Federal Building & Courthouse
401 Market Street
Camden, NJ 08101

Counsel for Appellee

---

## OPINION OF THE COURT

---

**ROTH**, *Circuit Judge*.

In 2018, Michael Kwasnik pleaded guilty to one count of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). After pleading guilty, he moved to withdraw his plea, and the District Court denied the motion and

sentenced him. Kwasnik then filed a notice of appeal. He later filed three more post-appeal motions in the District Court concerning his guilty plea. The court denied them.

The primary question here is whether a party must file a new or amended notice of appeal when he seeks appellate review of orders entered by a district court *after* he filed his original appeal. Our answer is yes. We do not consider any of Kwasnik's arguments concerning those post-appeal orders because his arguments are not part of this appeal under Fed. R. App. P. 4(b). As for the issues we may consider, Kwasnik's arguments all lack merit. We therefore will affirm in part and dismiss in part.

I.

Kwasnik was an estate-planning attorney who defrauded his clients and then laundered their funds. Specifically, he used his position as an attorney to convince certain clients to open irrevocable family trusts in order to avoid federal and state taxes and to ensure that they earned interest on the funds. As part of his representation, Kwasnik described how he would form the trusts and name himself as a trustee. He made sure that he had authority to move assets into and out of the trust accounts and that he received the account statements.

However, this all was a ruse. Kwasnik moved the funds from his clients' trust accounts to accounts of entities that he controlled. Within a matter of days, the funds transferred by Kwasnik to his own entities' accounts would be depleted. Clients were defrauded of approximately $13 million.

3

In 2017, a grand jury returned a twenty-two-count indictment against Kwasnik. A year later, he pleaded guilty to just one count of money laundering. In 2020, he moved to withdraw that plea. The District Court denied the motion and sentenced Kwasnik to 216 months in prison. He appealed. After filing the appeal, Kwasnik brought three more motions in the District Court to withdraw his guilty plea. The District Court denied all three. He never filed a notice of appeal of the orders denying his post-appeal motions, nor did he amend his original notice to include these post-appeal orders.

II.

The District Court had subject-matter jurisdiction under 18 U.S.C. § 3231. The parties dispute whether we have appellate jurisdiction over the denial of the post appeal motions. We have jurisdiction to determine our own jurisdiction.[1]

The government and Kwasnik agree that we have appellate jurisdiction over the District Court's order denying Kwasnik's first motion to withdraw his guilty plea. The parties also agree that we have appellate jurisdiction over two sentencing issues that Kwasnik failed to preserve. We agree with the parties that we have jurisdiction over these claims, and we will exercise our appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

---

[1] *See, e.g.*, *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 222 (3d Cir. 2007) ("We have jurisdiction to review our own jurisdiction when it is in doubt."); *see also* Fed. R. App. P. 4(b)(5) ("The filing of a notice of appeal under this Rule 4(b) does not divest a district court of jurisdiction . . ..").

4

The parties disagree, however, about whether Kwasnik needed to appeal the orders denying his post-appeal motions. Kwasnik filed his only notice of appeal on December 16, 2020. In the notice, he identified the judgment of sentence. After Kwasnik filed that notice, he filed three more motions in the District Court. A notice of appeal naming the final judgment in its text, as done here, supports "review of all *earlier* orders that merge in the final judgment."[2] A notice of appeal cannot, however, encompass any order concerning a motion filed in the district court *after* the notice of appeal was filed.[3]

Following logic's commands and our sister circuits' lead, we hold that a notice of appeal can encompass only those orders decided *before* the notice was filed. Fed. R. App. 4(b) governs criminal appeals and is an inflexible claims-processing rule.[4] To appeal an order decided by a district court after the

---

[2] *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018) (emphasis added).

[3] *See, e.g.*, *United States v. Sadiq*, 579 F. App'x 485, 488 (6th Cir. 2014) ("When a notice of appeal is filed *before* the district court's order denying the defendant's motion to withdraw his guilty plea, the notice of appeal is . . . *ineffective with respect to appealing the order deciding the motion to withdraw the plea*." (emphases added)); *United States v. Naud*, 830 F.2d 768, 769 (7th Cir. 1987) (per curiam) (dismissing appeal when appellant never filed a new or amended notice of appeal concerning a motion decided after appellant filed the original notice of appeal).

[4] *See* Fed. R. App. P. 4(b); *Virgin Islands v. Martinez*, 620 F.3d 321, 326–29 (3d Cir. 2010); *see also United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (holding that "[u]nlike in civil cases, a timely appeal in a criminal case is not

original notice is filed, a party must either file a new notice or amend the notice already filed.

Here, Kwasnik did neither. Thus, he never appealed the District Court's post-appeal orders denying the motions.[5] And he offers no reason why we should permit him to make such arguments now. For that reason, Kwasnik's arguments challenging the denials of those post-appeal motions will be dismissed because they are not part of this appeal under Rule 4(b).

## III.

Next, we turn to the claims that we consider on the merits. There are three: whether the District Court abused its discretion when it denied Kwasnik's pre-appeal motion to withdraw his plea; whether it plainly erred when it applied the abuse-of-a-position-of-trust enhancement to his sentence; and whether it plainly erred when it used a purportedly void default judgment to calculate the loss caused by Kwasnik.

## A.

We begin with Kwasnik's challenge to the District Court's order denying his pre-appeal motion to withdraw.[6] To

---

jurisdictional, but rather an 'inflexible claim-processing [sic] rule'").

[5] *See* Fed. R. App. P. 4(b); *see also United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011); *Lizardo v. United States*, 619 F.3d 273, 274 (3d Cir. 2010).

[6] We review such orders for abuse of discretion. *See, e.g.*, *United States v. Martinez*, 785 F.2d 111, 113 (3d Cir. 1986).

6

permit a defendant to withdraw his guilty plea, the defendant must "show a fair and just reason for requesting the withdrawal."[7]  Factors that a district court may consider include whether the defendant is asserting his innocence, the strength of the defendant's reasons for withdrawing his plea, and whether the government would suffer prejudice because of the withdrawn plea.[8]  "Bald assertions of innocence . . . are insufficient to permit a defendant to withdraw [his] guilty plea. Assertions of innocence must be buttressed by facts in the record that support a claimed defense."[9]  Additionally, a defendant seeking to withdraw his guilty plea must "give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea."[10]

Kwasnik's pre-appeal motion to withdraw focused on evidence that Kwasnik says was newly discovered. Specifically, he contends that the purportedly new evidence shows that someone other than him was responsible for losses suffered by at least one of the victims.  The District Court rejected that contention, finding that it did not "think any of this evidence is newly discovered."[11]  Instead, it found that the evidence Kwasnik claimed was newly discovered was "the

---

[7] Fed. R. Crim. P. 11(d)(2)(B).

[8] *See United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003).

[9] *United States v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001) (cleaned up).

[10] *United States v. Jones*, 979 F.2d 317, 318 (3d Cir. 1992), *superseded on other grounds by United States v. Roberson*, 194 F.3d 408, 417 (3d Cir. 1999).

[11] App. 523.

same stuff that [he has] been preaching about for years."[12]  In addition, the District Court found that Kwasnik failed to make "a legitimate assertion of innocence here.  He has not rebutted a single fact he testified to under oath in this matter."[13]  The lower court reached that conclusion after briefing and extensive argument.  We cannot say that its "action was arbitrary, fanciful, or clearly unreasonable."[14]  In short, it did not abuse its discretion.  We will affirm its properly appealed order denying Kwasnik's motion to withdraw his guilty plea.

## B.

We turn to Kwasnik's two attacks on his sentence.  Because he never preserved them in the District Court, we review for plain error.[15]  To satisfy the rigorous plain-error standard, a defendant must show that (1) the district court erred, (2) the district court's error was plain—obvious under the law at the time of the error, and (3) the error affected his substantial rights—meaning, the proceeding's outcome.[16]  When all three elements are satisfied, we have discretion to remedy the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[17]

First, Kwasnik contends that the District Court plainly erred by applying the two-level abuse-of-a-position-of-trust

---

[12] *Id.*

[13] *Id.*

[14] *Stich v. United States*, 730 F.2d 115, 118 (3d Cir. 1984) (cleaned up).

[15] *United States v. Jabateh*, 974 F.3d 281, 303 (3d Cir. 2020).

[16] *Johnson v. United States*, 520 U.S. 461, 467 (1997).

[17] *Id.* (internal quotation marks omitted).

enhancement under U.S.S.G. § 3B1.3 to his money-laundering offense. He contends that he agreed to the enhancement before our decision in *United States v. Capps*,[18] in which we held that the enhancement can be applied to money-laundering offenses only when "the abuse of a position of trust has [been] manifested in how the money is laundered, not in how the money [is] gained."[19] According to Kwasnik, the enhancement applied to him is improper under *Capps* because he used his position of trust as an attorney and trustee to gain the funds from his clients, not to launder those funds.

We will first note that a "guilty plea does not automatically become tainted if a change in the law alters a variable that the defendant considered when he decided to plead guilty."[20] On that basis alone, there is no plain error. Moreover, the Plea Agreement here provided that "[t]he parties agree that Michael Kwasnik abused a position of trust in committing his offenses."[21] This admission by Kwasnik was one condition, among other terms, that induced the government to agree to accept a guilty plea from him on one count of money

---

[18] 977 F.3d 250 (3d Cir. 2020).

[19] *Id.* at 255.

[20] *United States v. Robinson*, 587 F.3d 1122, 1129 (D.C. Cir. 2009); *see also United States v. Sahlin*, 399 F.3d 27, 31 (1st Cir. 2005) (noting that "the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompany a guilty plea"); *cf. Brady v. United States*, 397 U.S. 742, 757 (1970) (noting that a "defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended . . . the likely penalties attached to alternative courses of action.").

[21] Plea Agreement with Michael Kwasnik, Schedule A, ¶ 6.

laundering and to drop the other 21 counts of wire fraud, mail fraud, and money laundering. In addition, Kwasnik acknowledged in the Plea Agreement that the United States Sentencing Guidelines are advisory and that the sentencing judge "may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine."[22] The sentence imposed was within those limits. Under these circumstances, we do not find error—much less plain error—in the inclusion by the District Court of breach of trust as an element in determining Kwasnik's sentence.

Second, Kwasnik argues that the District Court plainly erred when it used a purportedly void state-court default judgment to calculate the amount of the loss that his offense caused. On appeal, he claims that the default judgment against him by the New Jersey and the Pennsylvania Client Funds was void because he never received notice of it due to defects in service. We reject Kwasnik's argument because there was evidence that he knew of the judgment. Moreover, the government presented testimony from three witnesses who established losses before the District Court. Given that testimony, there was sufficient evidence to support the loss calculation, regardless of whether the default judgment was considered or not. Kwasnik has not made any attempt on appeal to address the testimony of these three witnesses or to demonstrate that, without consideration of the default judgment, the amount of loss would be different. Again, there is no error—and it follows that there is no plain error.

---

[22] Plea Agreement with Michael Kwasnik, page 2.

10

IV.

Kwasnik never filed a timely notice of appeal from the orders denying his post-appeal motions. We will therefore dismiss those arguments pursuant to Fed. R. App. P. 4(b). As for Kwasnik's claims that we address on the merits, we conclude that there was no error. Thus, for the reasons stated above, we will affirm in part and dismiss in part Kwasnik's appeal.