NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1967

_____

UNITED STATES OF AMERICA

v.

ANDREW BERKOWITZ
                          Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-19-cr-00356-001)
District Judge: Honorable Paul S. Diamond

_____

Submitted Under Third Circuit L.A.R. 34.1(a):
February 9, 2023

_____

Before: CHAGARES, <u>Chief Judge</u>, SCIRICA, and SMITH,
<u>Circuit Judges</u>.

(Filed:  February 17, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

Defendant-appellant Andrew Berkowitz pled guilty to health care fraud and Controlled Substances Act violations. But after he pled guilty, he sought to withdraw his guilty plea. The District Court did not permit Berkowitz to withdraw his guilty plea and sentenced him to 240 months of imprisonment. On appeal, Berkowitz contends that the District Court erred by denying his requests to withdraw his guilty plea and that the sentence the District Court imposed was procedurally and substantively unreasonable. For the following reasons, we will affirm the judgment of the District Court.

## I.

Because we write primarily for the parties, we recite only the facts essential to our decision.

Berkowitz, a medical doctor, operated a pain management clinic in Philadelphia. He routinely prescribed controlled substances — such as opioids and muscle relaxers — without any meaningful assessment of whether those drugs were medically necessary. He submitted insurance claims for these medically unnecessary prescriptions to several insurance companies and received over $9 million in reimbursement for these fraudulent insurance claims. At least one of Berkowitz's patients died of a drug overdose.

The FBI began to investigate Berkowitz's practice after a health insurer reported that one of its insureds had expressed concerns about Berkowitz's conduct after seeking treatment from him. As part of the Government's investigation into Berkowitz's practice, two people recruited by federal law enforcement posed as patients and recorded their conversations with Berkowitz. During those conversations, Berkowitz offered to

2

prescribe controlled substances without a legitimate medical purpose, separately asked the two individuals to sign fraudulent medical billing paperwork for services they had not actually received, demonstrated an understanding that the opioids he prescribed would be diverted for resale, and expressed concern that he could be prosecuted if his conduct were disclosed to the Government.

Berkowitz was later indicted on 19 counts of health care fraud, in violation of 18 U.S.C. § 1347, and 23 counts of distributing controlled substances without a legitimate medical purpose, in violation of 21 U.S.C. § 841. After his arrest, he retained an attorney, Richard Hark. But early in the case, the Government requested a hearing on whether Hark had a conflict of interest based on his prior representation of one of Berkowitz's coconspirators. Hark withdrew, and Berkowitz retained a new attorney, Marc Neff.

Neff and the Government negotiated a plea agreement for Berkowitz, and on November 22, 2019, Berkowitz executed the plea agreement. Under the plea agreement, Berkowitz agreed to plead guilty to all 42 counts charged in the indictment. The plea agreement included an acknowledgment of rights and an appellate waiver. Under the appellate waiver's terms, Berkowitz was only permitted to bring an appeal to contest a sentence above the statutory maximum on any count of conviction, to challenge a sentence qualifying as an upward departure or variance above the sentence recommended by the United States Sentencing Guidelines (the "Guidelines"), or to bring an ineffective assistance of counsel claim.

3

Berkowitz formally pleaded guilty before the District Court on January 24, 2020. Before accepting his plea, the District Court undertook an extensive colloquy with Berkowitz. Berkowitz acknowledged the waiver of certain rights and the District Court found that he was competent to plead guilty. Berkowitz confirmed that he had a chance to discuss his case with Neff and that he was satisfied with Neff's representation, and he denied being threatened or induced to plead guilty. Berkowitz then acknowledged that he was voluntarily pleading guilty to the crimes charged in the indictment and the District Court accepted his guilty plea. The District Court remanded Berkowitz into federal custody to await sentencing.

In April 2020, Neff sought to withdraw as Berkowitz's counsel due to a breakdown in the attorney-client relationship. After holding a hearing on Neff's motion to withdraw, the District Court became concerned about Berkowitz's competency, and it ordered that Berkowitz undergo a competency examination. Berkowitz was found to be competent, and in May 2021, the District Court granted Neff's motion to withdraw.

Over the course of the next year, Berkowitz engaged in what the District Court characterized as "angry and abusive conduct." Appendix ("App.") 2. He hired and fired several law firms and repeatedly alternated between expressing a desire to be represented by counsel at sentencing and requesting to proceed pro se. Berkowitz also filed a series of pro se motions to withdraw his guilty plea in which he claimed innocence and alleged that Neff provided him ineffective assistance of counsel.

The District Court ultimately held a hearing on Berkowitz's request to withdraw his guilty plea. Both Neff and Berkowitz testified. At the end of the hearing, the District

4

Court denied Berkowitz's request.  It explained its reasons for the denial in a 22-page opinion.  In that opinion, the District Court found that "Berkowitz's hearing testimony was not credible" because, while he claimed his innocence and made "abusive, scattershot attacks on his lawyers, the prosecutor, the [Bureau of Prisons], and the Court," he did not "adequately or credibly explain why, if he were innocent, he had pled guilty." App. 6.  It further found that Berkowitz was competent to plead guilty, that Neff had competently represented him, that Berkowitz had not been coerced into pleading guilty, and that Berkowitz's request to withdraw his guilty plea was motivated by an intent to "manipulate and obstruct" the proceedings.  App. 11.

The District Court then sentenced Berkowitz.  It imposed a within-Guidelines sentence of 240 months of imprisonment.  Berkowitz timely appealed.

## II.[1]

Berkowitz makes two arguments on appeal:  that the District Court erred by denying his motion to withdraw his guilty plea, and that the District Court's sentence was both procedurally and substantively unreasonable.  Both arguments lack merit.

## A.

We will first evaluate Berkowitz's argument that the District Court incorrectly denied his motion to withdraw his guilty plea.  We review the District Court's decision for abuse of discretion.  United States v. Siddons, 660 F.3d 699, 703 (3d Cir. 2011).

---

[1] In this criminal case, the District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction to review Berkowitz's conviction and sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

"[A] guilty plea may not automatically be withdrawn at the defendant's whim." United States v. Brown, 250 F.3d 811, 816 (3d Cir. 2003). After a defendant's guilty plea has been accepted by the district court, the Federal Rules of Criminal Procedure permit the defendant to withdraw the plea only if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). We have explained that, in determining whether a defendant has offered the requisite "fair and just reason" for withdrawal of a guilty plea, district courts must consider "whether the defendant is asserting his innocence, the strength of the defendant's reasons for withdrawing his plea, and whether the government would suffer prejudice because of the withdrawn plea." United States v. Kwasnik, 55 F.4th 212, 216–17 (3d Cir. 2022).

A defendant "bears a substantial burden" in showing that withdrawal of a guilty plea is justified. Siddons, 660 F.3d at 703. "Bald assertions of innocence . . . are insufficient" to support withdrawal of a guilty plea; instead, "[a]ssertions of innocence must be buttressed by facts in the record that support a claimed defense." Brown, 250 F.3d at 818. A defendant must also "give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea." Kwasnik, 55 F.4th at 217.

In its comprehensive opinion, the District Court concluded that Berkowitz did not present a "fair and just reason" for withdrawing his guilty plea. We agree. Berkowitz did not make a credible assertion of innocence. His claim of innocence contradicted his acknowledgment of his guilt under oath at the guilty plea hearing. Moreover, the evidence against Berkowitz was overwhelming. The evidence included recordings of

6

Berkowitz knowingly distributing controlled substances without a legitimate medical purpose and instructing patients to sign fraudulent health insurance claim forms, and Berkowitz's coconspirators were also cooperating with the Government. Berkowitz also failed to provide a strong reason to support withdrawing his plea. The District Court found that, despite Berkowitz's arguments, Berkowitz was competent to enter a guilty plea at the time he did so, that he did so voluntarily and with the benefit of competent legal representation, and that his after-the-fact efforts to withdraw his guilty plea were motivated by a desire to obstruct the proceedings.[2] Finally, the District Court correctly found that the Government would be prejudiced by withdrawal of the guilty plea because it would have to undergo the significant burden and expense of trying a defendant who had once pleaded guilty. See Jones, 336 F.3d at 252. In sum, we conclude that Berkowitz did not provide a "fair and just reason" for withdrawing his guilty plea, and that the District Court did not abuse its discretion by denying Berkowitz's request.

B.

---

[2] Berkowitz also argues that the Supreme Court's recent decision in Ruan v. United States, 142 S. Ct. 2370 (2022), is an intervening legal development that serves as a strong reason for withdrawing his guilty plea. But the holding in Ruan is of no benefit to Berkowitz. In Ruan, the Supreme Court held that, in a prosecution in which the Government alleges that the defendant medical professional's prescription practices violated the Controlled Substances Act, "the Government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner." Id. at 2382. In this case, there was overwhelming evidence that Berkowitz knowingly and intentionally acted in an unauthorized manner. In his own recorded words, he acknowledged that he knew the controlled substances he prescribed would likely be diverted for resale and that he risked prosecution if his prescribing practices were exposed.

We turn to Berkowitz's argument that his prison sentence was procedurally and substantively unreasonable. Before we may address Berkowitz's sentencing arguments on the merits, we must determine whether the appellate waiver in Berkowitz's plea agreement bars us from considering them. "We decline to exercise jurisdiction over [an] appeal where the issues on appeal fall within the scope of [an appellate] waiver and the defendant knowingly and voluntarily agreed to the waiver, unless enforcing the waiver would work a miscarriage of justice." United States v. Agarwal, 24 F.4th 886, 893 (3d Cir. 2022) (quotation marks omitted).

As the District Court found — and as Berkowitz himself acknowledged when he executed the plea agreement and when he spoke at his guilty plea hearing — Berkowitz knowingly and voluntarily entered into the plea agreement. The appellate waiver enumerates only four specific circumstances in which Berkowitz may appeal his sentence, and none of those circumstances are present here: he was not sentenced above the statutory maximum on any count of conviction, the District Court did not impose an upward departure or variance, and Berkowitz does not credibly argue that he received ineffective assistance of counsel. Finally, Berkowitz has not shown that a miscarriage of justice will result if the plea agreement is enforced. The appellate waiver is therefore enforceable. And because the appellate waiver is enforceable, we will not consider Berkowitz's challenge to his sentence.

### III.

For the foregoing reasons, we will affirm the judgment of the District Court.

8