NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2590
_____

UNITED STATES OF AMERICA

v.

NATHANIEL DA-MEIR COLES
a/k/a DAZ, a/k/a D,

                                        Appellant

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 2-14-cr-0496-003)
District Judge:  Honorable Gerald A. McHugh

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 9, 2023

Before:  JORDAN, HARDIMAN, and MATEY, *Circuit Judges*

(Filed:  March 20, 2023)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Nathaniel Coles challenges the sentence he received after being convicted of conspiracy. He argues he is entitled to a reduction for acceptance of responsibility and that the career offender enhancement under the Sentencing Guidelines does not apply to him. We will affirm.

## I.    BACKGROUND

We recently detailed the facts surrounding the conspiracy at issue when we resolved the appeal of one of Coles's co-conspirators, Donald Womack, Sr.[1] Because we write solely for the parties, and Coles does not challenge his factual guilt before us, a more streamlined discussion of those facts will suffice.

"In January 2014, federal authorities in the midst of a narcotics investigation in Chester, Pennsylvania uncovered … 'a conspiracy to import several kilograms of cocaine from Mexico[.]'" *United States v. Womack*, 2022 WL 4376073, at *1 (3d Cir. Sept. 22, 2022) (citation omitted). At that point federal agents had already been authorized to wiretap Womack's cousin, Paris Church, "after [Church] had been identified as part of a

---

[1] That appeal, No. 19-1900, was initially consolidated with the instant appeal when Coles also challenged the sufficiency of the evidence at that same trial. We have since granted Coles's request that his counsel be removed and the brief she filed be withdrawn. Coles, now proceeding pro se, contends he did not challenge his factual guilt at trial and does not do so now. Because Coles does not cite to a trial transcript in his brief, we partly draw on our opinion in *United States v. Womack*, 2022 WL 4376073 (3d Cir. Sept. 22, 2022), and the appendix filed in Womack's appeal, which the government likewise cites in its discussion of trial evidence. Aside from trial evidence, like the government, we cite to the appendix submitted in connection with the since-withdrawn opening brief, as we authorized the parties to cite to it. All references herein to the Answering Brief are to the one that answers Coles's Pro Se Opening Brief.

separate, larger investigation."[2]  *Id*. at *1 n.1.  The government captured a number of communications by Coles, Womack, Church, and a fourth conspirator, Michael Pinkney, as the four tried to obtain cocaine from a person, known only as Daniel, who ostensibly was a cocaine supplier in Mexico.

Ultimately those efforts, which lasted about a week, were unsuccessful.  Church initially had difficulty connecting with Daniel by phone, but Coles and Womack each successfully got in touch with Daniel.  After that, Daniel called Church and they discussed a plan for Daniel to get a shipment of cocaine across the border using a courier who would pass the drugs to Church in Houston, Texas.  Daniel promised the courier would deliver 18 to 20 kilograms of cocaine and that he would contact him again once he finalized the plans for his courier to get to Houston.

Two days later, Daniel called Church, after Coles had asked Daniel to do so at Church's prompting.  Daniel told Church that the courier could be in Houston the following evening, but, before then, Church had to wire $300 to the courier via Western Union.  Church wired the money after discussing the request with Womack.  Two days later, Church heard from Daniel, who said the courier was almost ready.  But the drugs never arrived and that was the last the conspirators ever heard from Daniel, despite Church, Womack, and Coles unsuccessfully trying to contact him over the following

---

[2] The wiretap permitted the government "to intercept both calls and text messages to and from Church's phones, capturing data about the intercepted communications, including dates, times, phone numbers, and audio in the case of calls."  *Womack*, 2022 WL 4376073, at *1 n.1.

several days. At that point, the conspirators came to the realization Daniel would not carry out his part of the deal despite having taken some money.

In September 2014, Coles, Womack, Church, and Pinkney were charged in a single-count indictment for conspiring to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Pinkney pled guilty. Coles, Womack, and Church were convicted after a five-day jury trial, in which "[t]he government relied on the conversations federal authorities had intercepted, as well as testimony from Pinkney[.]" *Womack*, 2022 WL 4376073, at *2. "[T]he District Court denied Womack's and Cole's mid-trial and post-trial motions for judgments of acquittal." *Id*.

Coles was sentenced to a below-guidelines sentence of 240 months.[3] The PSR calculated that his offense level under the guidelines would have been 32 with a criminal history level of V, except that he was a career offender under U.S.S.G. § 4B1.1 due to his two prior convictions for controlled substance offenses. The District Court determined, without objection from Cole's counsel, that his career offender status increased his offense level to 37 and criminal history level to VI, yielding a guidelines range of 360 months to life. The District Court then rejected Coles's contention that he should receive

---

[3] Coles's jury-trial conviction, Cr. No. 14-0496, was consolidated for purposes of sentencing with a second case, Cr. No. 14-516, in which he pled guilty to conspiracy to distribute 500 grams or more of cocaine under Federal Rule of Criminal Procedure Rule 11(c)(1)(C), with a recommended a sentence of 120 months. Coles received that recommended sentence to run concurrently with his 240-month sentence. Coles has not challenged any aspect of his plea or sentence in Cr. No. 14-516 and, so, we will not discuss it here.

a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 as inconsistent with Coles's position at trial. The Court did, however, find that Coles was entitled to a two-level reduction for playing a relatively minor role in the conspiracy under U.S.S.G. § 3B1.2(b).[4] The District Court calculated the guidelines range to be 292 to 365 months using an offense level of 35 and criminal history level of VI.[5] But the District Court found that a below-guidelines range sentence was appropriate considering several factors advanced by Coles's sentencing counsel, including that he was comparatively less culpable, that he possessed positive qualities evidenced by letters from his supporters, that he demonstrated good conduct and efforts toward rehabilitation while in prison, and that Womack had negatively influenced the younger Coles.[6] **[19-2590 App. at 948-53.]**

---

[4] Coles sought a four-level reduction under U.S.S.G. § 3B1.2(a) for having a minimal role, but he does not challenge on appeal the District Court's determination that only a two-level reduction for minor role was appropriate.

[5] Given the District Court's rulings on acceptance of responsibility and minor role, the parties did not object that an offense level of 35 resulted or that it yielded such a range with a criminal history of VI. The government now identifies that calculation as an error that benefited Coles. The government correctly observes that the parties and the District Court overlooked that the adjustment of Coles's offense level due to his career offender designation should have been accounted for *after* the reduction for his minor role in the conspiracy. The correct result therefore should have been that Coles's offense level would have remained at 37 with a range of 360 months to life. *See* U.S.S.G. §§ 1B1.1(a)(2), (3), and (6) (explaining that base offense level and adjustments for role are applied before adjustments in Part B of Chapter Four, including § 4B1.1 ("Career Offender")). That said, the government believes the District Court would have reached the same result by variance and, so, does not press this point.

[6] Between trial and sentencing Coles switched attorneys, so we refer to them as trial counsel and sentencing counsel respectively.

This appeal followed.

## II. DISCUSSION[7]

### A. Coles Did Not Clearly Accept Responsibility

Coles argues the District Court erred in denying him a two-level reduction in his offense level under the Sentencing Guidelines for having accepted responsibility.[8] As we have recently observed, "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt ...." *United States v. Womack*, 55 F.4th 219, 240-41 (3d Cir. 2022) (quoting U.S.S.G. § 3E1.1 app. note 2). But "[i]n rare situations" a defendant who proceeds to trial may, nevertheless, "clearly demonstrate an acceptance of responsibility" such as when he does so to "assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)." U.S.S.G. § 3E1.1 app. note 2. In such a rare situation, the "determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." *Id*.

---

[7] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

[8] A defendant is entitled to such a reduction when he "clearly demonstrates acceptance of responsibility for his offense[.]" U.S.S.G. § 3E1.1. Whether a defendant has accepted responsibility is a factual question, thus we review denial of that adjustment for clear error. *United States v. Womack*, 55 F.4th 219, 240 (3d Cir. 2022). Indeed, it is well-settled that "we give great deference on review to a sentencing judge's decision not to apply the two-level reduction for acceptance of responsibility to a particular defendant" "[b]ecause the sentencing judge 'is in a unique position to evaluate a defendant's acceptance of responsibility[.]'" *United States v. Barr*, 963 F.2d 641, 657 (3d Cir. 1992) (quoting U.S.S.G. § 3E1.1 app. note 5).

Coles's motions for judgment of acquittal and his closing arguments make clear that he factually contested his guilt at trial and, so, plainly does not meet the standard for clear acceptance of responsibility. Coles's trial counsel emphasized that the government "ha[s] to prove that he was a conspirator[9], … not just [he] maybe knew what was going on, but he was a conspirator, he was a participant. He had a stake in the venture, none which they've proven." (19-2590 App. at 656). But counsel went further, arguing that Coles, in fact, "didn't know what the heck was going on" and, at most, "may have thought that Mr. Church might be trying to do something[.]"[10] (19-2590 App. at 652.) Thus, he argued, Coles "was innocent" and "remains innocent" because "because he wasn't part of the conspiracy." (19-2590 App. at 656.) Coles's arguments before us, like those advanced by his sentencing counsel before the District Court, are premised on the mischaracterization that Coles had not factually contested his guilt.

---

[9] To prove that Coles was a member of a drug-trafficking conspiracy in violation of 21 U.S.C. § 846, the government needed to establish "(1) a shared unity of purpose between the alleged conspirators, (2) an intent to achieve a common goal, and (3) an agreement to work together toward that goal." *United States v. Bailey*, 840 F.3d 99, 108 (3d Cir. 2016). The third element is the conspiratorial agreement. *United States v. Tyson*, 653 F.3d 192, 206 (3d Cir. 2011).

[10] To that end, Coles's trial counsel argued that Coles was only captured speaking on "four calls out of … a thousand [recorded] sessions" (19-2590 App at 654), and those calls did not discuss the particulars of the proposed drug transaction. Coles's trial counsel also argued that the jury should reject the government's contention that Coles was more involved within the conspiracy due to supposed references by other conspirators to him and communications he had with Daniel that were not captured.

For completeness, we will address two additional points.[11]  First, Coles obliquely references that his sentencing counsel brought to the District Court's attention that Coles had one or more proffer sessions with the government, when he may have discussed the possibility of a guilty plea.[12]  But, as we have explained, we give the District Court "great deference" in making the factual determination of acceptance of responsibility given its "unique position" to evaluate the circumstances surrounding whether Coles clearly accepted responsibility.  *United States v. Barr*, 963 F.2d 641, 657 (3d Cir. 1992) (quoting U.S.S.G. § 3E1.1 app. note 5).  Given Coles so clearly challenged his factual guilt, the fact that he had meetings with the government that apparently came to nothing does not provide a basis for finding the District Court erred, let alone clearly erred.

Second, Coles suggests that his sentencing counsel argued he had demonstrated acceptance of responsibility due to his good conduct and efforts at rehabilitation while incarcerated before sentencing.  That is simply not so.  Coles's sentencing counsel made that argument to obtain a downward variance.  And Coles, indeed, received a variance of 52 months below the guidelines range as understood by the District Court, relying in part on Coles's pre-sentencing efforts while incarcerated.  Since Coles did not raise this as a

---

[11] Sentencing counsel did not represent Coles at trial and was ostensibly relying on her review of the record for these assertions but cited nothing to show he did not factually contest his guilt.

[12] The government indicates that any such meeting would have been off-the-record and required them to prove "Coles['s] guilt at trial without the use of his statements" during that meeting.  (Answering Br. at 25 n.15.)  Thus, the government argues "an admission made under this arrangement hardly establishes acceptance of responsibility[.]"  (*Id.*)

basis for acceptance of responsibility before the District Court, he would need to demonstrate the more stringent plain error standard has been satisfied.[13] *See United States v. Kwasnik*, 55 F.4th 212, 217 (3d Cir. 2022) (explaining that plain error review applies to such an unpreserved argument). He has made no such argument. Even if he had, there simply is no plain error here in light of his having challenged his factual guilt.

### B.      Coles Is A Career Offender Under The Sentencing Guidelines

Coles argues that the District Court erred in applying the career offender enhancement to him under U.S.S.G. § 4B1.1 because he believes that sentencing counsel did not have "the case numbers so that [his sentencing counsel] could challenge[] them as qualifying predicate offenses under the career offender Guideline." (Pro Se Opening Br. at 17.) As relevant here, application of the career offender guideline requires that the defendant have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Coles's assertion about a lack of identifying information about his earlier convictions is simply wrong; the case numbers appear in his PSR.[14] Moreover, the broader contention that the Court's application of the

---

[13] "To satisfy the rigorous plain-error standard, a defendant must show that (1) the district court erred, (2) the district court's error was plain – obvious under the law at the time of the error, and (3) the error affected his substantial rights – meaning, the proceeding's outcome. When all three elements are satisfied, we have discretion to remedy the error only if it 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Kwasnik*, 55 F.4th 212, 217 (3d Cir. 2022) (citation omitted).

[14] Both cases are from Delaware County's Court of Common Pleas in Pennsylvania. The case numbers are CP-23-CR-0003302-2004 and CP-23-CR-0007578-2006.

career offender classification was made in error fails for the two reasons offered by the government. First, Coles waived that argument and, second, even if he had not, plain error review would apply and cannot be satisfied because he was properly classified as a career offender.

## III. CONCLUSION

For the foregoing reasons, we will affirm.