**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1804
_____

JEFFREY LEZARK,
                              Appellant

v.

I.C. SYSTEM, INC.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-20-cv-00403)
District Judge:  Honorable Christy C. Wiegand
_____

Argued:  February 24, 2023

Before: CHAGARES, Chief Judge, SCIRICA, and SMITH,
Circuit Judges.

(Filed: March 23, 2023)

Kevin J. Abramowicz [ARGUED]
Kevin W. Tucker
East End Trial Group
6901 Lynn Way
Suite 215
Pittsburgh, PA 15208

Eugene D. Frank
3202 McKnight East Drive
Pittsburgh, PA 15237
          Counsel for Appellant

Carol A. VanderWoude [ARGUED]
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street
Suite 2300
Philadelphia, PA 19103

Danielle M. Vugrinovich
Marshall Dennehey Warner Coleman & Goggin
501 Grant Street
Union Trust Building, Suite 700
Pittsburgh, PA 15219
        Counsel for Appellee

_____

OPINION[*]

_____

CHAGARES, Chief Judge.

Jeffrey Lezark filed a lawsuit against I.C. System, Inc. ("ICS"), alleging that ICS violated the Fair Debt Collection Practices Act ("FDCPA") when it sent him a purportedly misleading debt collection notice. The District Court awarded judgment on the pleadings to ICS, and Lezark appealed. The Supreme Court's decision in TransUnion v. Ramirez, 141 S. Ct. 2190 (2021), issued during the pendency of this litigation, calls into question whether Lezark had standing to sue ICS. Because representations made at oral argument indicate that there are unresolved issues that may bear on Lezark's standing, we will vacate the judgment of the District Court and remand to give the District Court an opportunity to consider Lezark's standing in the first instance.

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

I.

Because we write primarily for the parties, we recite only the facts essential to our decision. Lezark incurred a debt to a non-party medical practice. In an effort to collect Lezark's debt, the medical practice contracted with ICS. ICS mailed Lezark a debt collection notice (the "Collection Notice"). The notice, in relevant part, informed Lezark that the medical practice had authorized ICS to "refer[] the account to an attorney" if he failed to contact ICS to discuss payment of the debt. Appendix ("App.") 41.

Lezark filed a putative class action against ICS alleging that it had violated the FDCPA by sending him the Collection Notice. In the operative complaint, Lezark alleged that ICS violated the FDCPA's prohibition on making "any false, deceptive, or misleading representation . . . in connection with the collection of any debt," 15 U.S.C. § 1692e(1), by suggesting in the Collection Notice that it could refer his account to an attorney for litigation when ICS was not authorized to refer his account to a litigation attorney and it rarely received authorization from its creditor-clients to refer debts for litigation. He further alleged that ICS's "conduct harmed [him] and the class and violated their legal rights." App. 43.

ICS did not move to dismiss on any ground, and the case proceeded to discovery. Upon the conclusion of discovery, ICS moved for judgment on the pleadings. In support of its motion, ICS argued that the Collection Notice was not false, deceptive, or misleading as a matter of law because it truthfully stated that Lezark's account could be referred to an attorney, and a mere reference to an attorney referral is not a per se threat of litigation. ICS did not at that time contest Lezark's standing to sue. The District Court

3

granted ICS's motion for judgment on the pleadings and denied Lezark's subsequent motion for reconsideration. Lezark then appealed.

II.

ICS has called into question Lezark's Article III standing to sue, arguing that Lezark's complaint failed to demonstrate standing in light of the principles set forth by the Supreme Court in TransUnion. The Supreme Court issued its decision in TransUnion after ICS filed its motion for judgment on the pleadings. ICS did not move to dismiss for lack of standing in the District Court in the wake of the decision. And although ICS filed a notice of supplemental authority with the District Court on a different matter after the TransUnion decision was issued, it did not bring the TransUnion decision to the District Court's attention.

On appeal, ICS contested Lezark's standing for the first time. Lezark argued in his reply brief that the allegations in the complaint were sufficient to support standing. But he also contended that, if TransUnion implied that he needed to allege additional facts to support standing, he could allege that the Collection Notice "made him feel 'overwhelmed' and caused him to contact a lawyer to file bankruptcy." Reply Br. 5 n.1 (quoting App. 115).

The parties extensively discussed Lezark's standing at oral argument. Lezark's counsel represented that the Collection Notice prompted him to contact a bankruptcy attorney and that he ultimately filed for bankruptcy in part because of his perceived implications of the Collection Notice. Oral Argument at 1:30. ICS's counsel acknowledged that if Lezark alleged a monetary injury resulting from the Collection

4

Notice in his complaint, such an allegation could constitute a concrete injury sufficient to support standing. Oral Argument at 20:31.

"Article III standing enforces the Constitution's case or controversy requirement." Virgin Islands Conservation Soc'y, Inc. v. Virgin Islands Bd. of Land Use Appeals Golden Resorts LLLP, 10 F.4th 221, 232 (3d Cir. 2021) (alterations and quotation marks omitted). We are "required to resolve the issue" whenever a "possible lack of a controversy as to any or all claims is brought" to our attention. Neiderheiser v. Borough of Berwick, 840 F.2d 213, 216 (3d Cir. 1988). We therefore must address Lezark's standing as a threshold jurisdictional issue. AT&T Commc'ns of New Jersey, Inc. v. Verizon New Jersey, Inc., 270 F.3d 162, 168 (3d Cir. 2001). We have jurisdiction to determine our own jurisdiction when it is in doubt. United States v. Kwasnik, 55 F.4th 212, 215 (3d Cir. 2022).

To demonstrate standing, Lezark must establish "(1) an injury-in-fact; (2) that is fairly traceable to the defendant's challenged conduct; and (3) that is likely to be redressed by a favorable judicial decision." Kelly v. RealPage Inc., 47 F.4th 202, 211 (3d Cir. 2022) (quotation marks omitted). To establish injury in fact, a plaintiff must show "that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." Spokeo, Inc. v. Robins, 578 U.S. 337, 338–39 (2016) (quotation marks and alterations omitted).

At issue in this case is whether Lezark's complaint adequately alleges a concrete injury. In its recent TransUnion decision, the Supreme Court clarified the concrete injury requirement in cases involving causes of action established by Congress, like the

5

FDCPA's private right of action. The Supreme Court explained that "[o]nly those plaintiffs who have been <u>concretely harmed</u> by a defendant's statutory violation may sue that private defendant over that violation in federal court." 141 S. Ct. at 2205 (emphasis in original). It defined concrete harm as including "traditional tangible harms, such as physical harms and monetary harms" as well as "intangible harms . . . with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." <u>Id.</u> at 2204. In some instances, then, a plaintiff who has a "statutory cause of action to sue a defendant over the defendant's violation of federal law" may not have Article III standing to sue that defendant, as that plaintiff has not "suffer[ed] concrete harm because of the defendant's violation of federal law." <u>Id.</u> at 2205.

Although important questions about the scope of standing to sue under the FDCPA remain in the wake of <u>TransUnion</u>, we need not answer those questions here.[1] Lezark filed the operative complaint in this lawsuit well before the Supreme Court issued the <u>TransUnion</u> decision, and Lezark's standing was never challenged during proceedings before the District Court. Considering this history — and the representations regarding injury that Lezark made in his briefing and in oral argument before us — we will vacate the District Court's order and remand to the District Court in order to give Lezark an

---

[1] We note that, in the wake of <u>TransUnion</u>, several other Courts of Appeals have addressed the requirements of standing under the FDCPA. <u>See</u>, <u>e.g.</u>, <u>Shields v. Professional Bureau of Collections of Maryland, Inc.</u>, 55 F.4th 823 (10th Cir. 2022); <u>Perez v. McCreary, Veselka, Bragg & Allen, P.C.</u>, 45 F.4th 816, 824–26 (5th Cir. 2022); <u>Pierre v. Midland Credit Management, Inc.</u>, 29 F.4th 934 (7th Cir. 2022); <u>Ward v. National Patient Account Services Solutions, Inc.</u>, 9 F.4th 357, 363 (6th Cir. 2021).

opportunity to move for leave to amend his complaint to include additional allegations of concrete injury.[2] See Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (observing that leave to amend "must generally be granted unless equitable considerations" such as "undue delay, bad faith, and futility" would make amendment unjust). Regardless of whether Lezark chooses to move for leave to amend his complaint or rests on the allegations in his operative complaint, our remand also gives the District Court the first opportunity to assess whether Lezark has alleged a concrete injury under the standard set forth in TransUnion. See Home Depot USA, Inc. v. Lafarge North America, Inc., 59 F.4th 55, 64 (3d Cir. 2023) ("[W]e are a court of review, not first view."). We express no view on the merits of ICS's challenge to standing or the District Court's grant of judgment on the pleadings to ICS. We will retain jurisdiction over this appeal. See 3d Cir. I.O.P. 7.1; see also In re Lipitor Antitrust Litigation, 855 F.3d 126, 151 (3d Cir. 2017) (noting that "[i]t is a common practice among the Courts of Appeals to retain jurisdiction over an appeal while making a limited remand . . . to determine whether there is federal subject-matter jurisdiction." (quotation marks omitted)).

III.

For the foregoing reasons, we will vacate the judgment of the District Court and remand for the purpose of addressing Lezark's standing. Because we are vacating the

---

[2] In the wake of the District Court's order granting ICS's motion for judgment on the pleadings, Lezark previously sought leave to amend his complaint to incorporate additional allegations on how the disputed debt collection notice was misleading. The District Court did not abuse its discretion by denying this motion for leave to amend. See United States ex rel. Ascolese v. Shoemaker Constr. Co., 55 F.4th 188, 193 (3d Cir. 2022).

7

District Court's order granting judgment on the pleadings, we will likewise vacate its denial of Lezark's motion to reconsider that order.